# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2022

Lyle W. Cayce
Clerk

No. 21-50287
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SERGIO RIOS BALTAZAR,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CR-167-1

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Sergio Rios Baltazar appeals his within-guidelines range sentence of 327 months of imprisonment, imposed following his guilty-plea conviction of possession with intent to distribute 5 grams or more of actual methamphetamine. *See* 21 U.S.C. § 841(a)(1), (b)(1)(B). Rios Baltazar

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

contends that his top of the guidelines sentence is substantively unreasonable because the district court failed to account for his participation in drug treatment programs while in prison following the original sentencing, for his success in the rehabilitation process in prison, and for the fact that his relevant conduct admissions to investigators occurred when he was at the end of a weeks-long drug binge, had not slept, and was in an abnormal state of mind.

Rios Baltazar does not dispute that his 327-month sentence was imposed within a properly calculated guidelines range. In light of the district court's acknowledgement of his mitigation evidence and arguments, as well as the court's stated consideration of the 18 U.S.C. § 3553(a) factors, Rios Baltazar fails to show that his sentence does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). His argument amounts to a disagreement with the sentence imposed and is insufficient to demonstrate that his sentence is substantively unreasonable. *See United States v. Isgar*, 739 F.3d 829, 842 (5th Cir. 2014). Rios Baltazar has failed to rebut the presumption of reasonableness accorded his within-guidelines sentence, *see Cooks*, 589 F.3d at 186, and thus has not shown that the district court abused its discretion by imposing a substantively unreasonable sentence, *see Gall v. United States*, 552 U.S. 38, 51 (2007).

AFFIRMED.